# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1825-17T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Plaintiff-Respondent,

v.

M.S.L.,

      Defendant-Appellant,

and

M.T.,[1]

      Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF H.R.L.,

      a Minor.

_____

---

[1] M.T., a putative father, did not participate in the trial or appeal.

Submitted November 28, 2018 – Decided December 11, 2018

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FG-13-0042-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Albert M. Afonso, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Salima E. Burke, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; Cory H. Cassar, Designated Counsel, on the brief).

PER CURIAM

Defendant M.S.L.[2] appeals from a Family Part order dated November 30, 2017, terminating her parental rights to her daughter H.R.L. who was an infant at the time of the guardianship trial. The child was placed with a resource family that wishes to adopt her. We affirm, substantially for the reasons stated by Judge Stephen J. Bernstein in his oral opinion.

---

[2] We use initials to identify the parties to preserve the confidentiality of these proceedings. R. 1:38-3(d)(12).

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. M.S.L. did not appear for trial, and later it was determined she was incarcerated at the time. She was allowed to testify approximately two weeks after the judge's initial opinion. The judge revised his opinion to consider that testimony. See N.J. Div. of Child Prot. & Permanency v. K.S., 445 N.J. Super. 384, 387, 394 (App. Div. 2016) (reversing a termination of parental rights because the mother was not allowed to testify when she appeared after the conclusion of trial).

M.S.L. is confined to a wheelchair. She had both of her legs and part of her right hand amputated due to a kidney stone that led to an infection and eventually sepsis. M.S.L. has had six children. Her first three children are in their father's custody. M.S.L. executed an identified surrender to her fourth child.[3] After a guardianship trial, M.S.L.'s parental rights to her fifth child were involuntarily terminated in June 2016. In December of that same year H.R.L. was born.

---

[3] In an "identified surrender," the "person(s) as to whom the surrender is made shall adopt the children." N.J. Div. of Youth & Family Servs. v. D.M.B., 375 N.J. Super. 141, 145 (App. Div. 2005); see N.J.S.A. 9:3-38(j); N.J.S.A. 9:3-41; N.J.S.A. 30:4C-23.

A-1825-17T3

During her pregnancy, M.S.L. used crack cocaine and did not receive prenatal care, nor medical treatment for her infectious diseases. M.S.L. was also homeless, and faced severe mental health issues. She also has a history of incarceration due to her drug involvement. Despite being involved with the Division since 2012, M.S.L. was unable or unwilling to utilize the Division's services.

In his comprehensive opinion, the trial judge found the Division had proved all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and termination of M.S.L.'s parental rights was in the child's best interests. On this appeal, our review of the trial judge's decision is limited. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We defer to his expertise as a Family Part judge, id. at 413, and we are bound by his factual findings so long as they are supported by "adequate, substantial and credible evidence." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). M.S.L. does not contest the trial court's findings regarding prongs one, two, and four of the best interests of the child test. See N.J.S.A. 30:4C-15.1(a). Instead, M.S.L. maintains that the best interests test was not satisfied under the third prong, because the judge failed to consider alternatives to termination of parental rights, due to the Division's

4

failure to locate H.R.L.'s biological father or investigate M.S.L.'s relatives. M.S.L. did not identify a potential relative for placement, and the information she provided to the Division regarding H.R.L.'s possible fathers was vague.

After reviewing the record, we conclude that Judge Bernstein's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1825-17T3